BARNEY DUMPING-BOAT CO. *et al.* *v.* MAYOR, ETC., OF THE CITY OF NEW YORK.

*(Circuit Court, S. D. New York. August 12, 1889.)*

MUNICIPAL CORPORATIONS—LIABILITY FOR NEGLIGENCE OF OFFICERS.
    The commissioner of street cleaning of the city of New York is an agent of the city, and not an officer of the general public, notwithstanding his duties are partly rendered in the interest of the public health, and his powers are plenary, and, within their sphere, exclusive of the authority of any other officer of the city. The city is therefore liable for his negligent acts done in the course of his official duties.

In Admiralty. Libel for damages. Appeal from district court.
*Henry R. Beekman*, for appellants.
*Hyland & Zabriskie*, for appellees.

WALLACE, J. The testimony in this case shows clearly that the injuries to the dumping-boat for which the libelants seek to recover damages were caused by the carelessness of those in charge of the steam-tug belonging to the respondents. Their negligent acts were committed while they were engaged in removing refuse·from the streets. These persons were under the immediate employment of the commissioner of street cleaning of the city of New York. That officer, as the head of that municipal department, had the custody of the tug. By act of the legislature known as the "consolidation act" he is charged with the duty of keeping the streets cleaned, and removing refuse, "as often as the public health and the use of the streets may require," and is invested with authority to engage and discharge at his discretion all the employés necessary for the performance of the duties of the department. The only legal question in the case which merits notice is whether the city is liable for the negligence of the employes of this department. If the duties delegated to him by law are such as primarily devolve upon the city, as a municipal or corporate obligation, he and his subordinates are the agents of the city, and the respondents are liable for their acts of misfeasance or non-feasance done in the course of their ordinary employment. It does not seem reasonable to treat the commissioner as an officer of the general public rather than of the city. His duties, unlike those of the officers of the departments of health, charities, fire, and police, although performed incidentally in the interest of the public health, are more immediately performed in the interest of the corporation itself, which is charged with the obligation of maintaining its streets in fit and suitable condition for

the use of those who resort to them. Many cases are reported in the decisions of the state courts in which the city of New York has been held responsible to persons who have sustained injuries in consequence of obstructions which have been negligently suffered to intercept the safe use of the streets. The obligation of the city to keep its streets in such condition that those who use them may do so safely has been repeatedly declared, and the failure to remove ice or snow or dangerous accumulations of any kind by the proper authorities is a breach of that obligation. See *Providence* v. *Clapp*, 17 How. 161; *Todd* v. *City of Troy*, 61 N. Y. 506. The duty of cleaning the streets necessarily comprehends the duty of removing such accumulations. It is quite immaterial that the powers and duties of the commissioner are plenary, and within their sphere exclusive of the authority of other officers of the city. The real question is whether his duties are such as primarily rest upon the municipality itself. *Barnes* v. *District of Columbia*, 91 U. S. 540; *Ehrgott* v. *Mayor*, 96 N. Y. 264. The precise question has been resolved against the contention of the respondents in the case of *Engle* v. *Mayor*. The decree of the district court is affirmed.

NOTE BY THE EDITOR. *Engle* v. *Mayor*, referred to above, has never been reported. It was a decision of the superior court of New York city in October, 1885, on motion for new trial on the judge's minutes. The opinion was as follows:

INGRAHAM, J. The department of street cleaning is regulated by subchapter 14 of chapter 410 of the Laws of 1882, known as the "Consolidation Act." Section 704 provides that "the department of street cleaning shall have exclusive charge of the cleaning of streets, and the removal of ashes and garbage in the city. The commissioner of street cleaning shall have power and authority, and is hereby charged with the duty, of causing the streets of said city * * * to be thoroughly cleaned, and kept clean at all times; and of removing from said city, or otherwise disposing of, as often as the public health and use of the streets may require, all street sweepings, ashes, and garbage; and of removing new-fallen snow from leading thoroughfares, and such other streets and avenues as may be found practicable." Section 705 provides that the "said commissioner shall have power to engage, and, in his discretion, discharge from time to time, all such clerks, laborers, and other employes, and to fix their compensation, as shall be necessary and proper in executing the duties hereby imposed upon him. * * * The said commissioner shall also have power to hire or purchase for his use, as such commissioner, * * * horses, carts, steam-tugs, scows, boats, vessels, machines, tools, and other property required for the economical and effectual performance of his said duty." And the defendant here claims that the power exercised by the street cleaning department, under the provisions of this act, is governmental and public, and comes within the principle established by the case of Maxmillian v. Mayor, etc., 62 N. Y. 160. The municipal corporation of the city of New York, having the powers conferred upon it respecting streets within its limits, owes to the public a duty to keep said streets in a safe condition; and this duty rests upon an express or implied acceptance of the power, and is stated by the court in the case of Maxmillian v. Mayor, etc., supra, to be a duty with which the city is charged for its own corporate benefit, to be performed by its own agents, as its own corporate act. Conrad v. Trustees, 16 N. Y. 158. In Lloyd v. Mayor, etc., 5 N. Y. 375, the court of appeals expressly held that the power and duty to clean sewers in the city is clearly ministerial, and falls within the class of private powers; and that the corporation was liable for the negligence of one of its agents employed to perform such duty. In this case it is shown that the pilot of the tug-boat was employed by the street cleaning department in the removal from the streets of the city, street sweepings, ashes, and garbage. Acting as such, under the authorities above cited, he was the agent of the city in the performance of the duty with which the city is charged for its own corporate benefit, and the city was liable for the negligent use of its property by its own servant or sub-servant. Lee v. Village of Sandy Hill, 40 N. Y. 442. By the verdict of the jury in this case it is established that the injury sued for was caused by the negligence of the pilot of the said tug, and I think that the city is liable. Motion for new trial denied.