## MAYOR AND ALDERMEN OF SAVANNAH *v.* JORDAN.

1. The duty of keeping the streets of a municipality free from matter which, if allowed to remain, would affect the health of the public, is a governmental function, the exercise of which would exempt the municipality from liability to a suit for damages to an employee without fault, who is injured by reason of a defective cart in which he is hauling "the sweepings of the street" of such municipality, and which has been furnished him for that purpose by the agents of the municipality.

(*a*) This court will take judicial cognizance that the sweepings of the streets of a municipality contain matter which, if allowed to remain in the streets, will injuriously affect the health of the citizens of such municipality.

(*b*) And this is so notwithstanding petition describes "the sweepings of the street" as "dirt and trash."

2. The petition was subject to general demurrer, and should have been dismissed.

SEPTEMBER 19, 1914.

Action for damages  Before Judge Charlton. Chatham superior court. May 22, 1913.

This action was brought against the City of Savannah by T. B. Jordan, who was an employee of the city engaged at the time of the injury in driving a street cart. It was alleged that he was engaged in duties under "the Street and Lane Department of the City," and that at the time of the injury he was "hauling the sweepings of the street." While driving the cart he noticed that the axle was not exactly straight, and not being a mechanic, and knowing nothing about the durability of metals, he called the attention of Mr. Doolan,

under whom he was working, to the condition of the axle, who told him to report the matter to the "inspector of carts and mules." The axle was worn, the point where it broke being thinner than the other part, and this made it too weak to stand the weight of the "dirt and trash" in the cart. The inspector who made an examination of the axle pronounced it safe, told the plaintiff to continue using it, and assured him that it would not break. At the point where it broke it was cracked and too weak to stand the weight of the dirt and trash in the cart, which was unknown to the plaintiff, but was known to the defendant, or could and should have been known if proper inspection had been made. On April 10, 1911, plaintiff was driving the cart on Farm Street, which is a rock-paved street; and while on the cart in the discharge of his duties, the axle broke and he was violently thrown to the pavement. This severely injured his elbow and caused a rupture from which hernia resulted, etc. He was entirely free from fault, did not consent or contribute to his injury, and relied upon the assurance of safety given him by "the defendant's mechanic." The axle was not manifestly dangerous. The injury was due directly and proximately to the negligence of the defendant, its servants and employees, in furnishing plaintiff an unsafe appliance with which to work, and in assuring him that the appliance was safe. A general and special demurrer to the petition were overruled, and the defendant excepted.

*John Rourke Jr.* and *David S. Atkinson,* for plaintiff in error.

*Twiggs & Gazan,* contra.

HILL, J. (After stating the foregoing facts.) Exception is taken to the overruling of the demurrer to the petition as amended. The amendment sufficiently met the special demurrer. Is the petition as amended sufficient to withstand a general demurrer? This depends on the answer to the question, whether the act of hauling the sweepings from the streets of Savannah by the use of a cart operated under the direction of the department of streets and lanes in that municipality was the exercise of a governmental function, or was the exercise of a ministerial function. It seems to be well settled that where the municipality undertakes to perform for the State duties which the State itself might perform, but which have been delegated to the municipality,—such, for instance, as devolve upon the board of health of a city under its charter, for the protection of life and health and comfort of the community,—and in

the exercise of such function under the department a private citizen is injured by the negligence of the servants of the department while engaged in such work, no cause of action arises against such municipality. *Love* v. *Atlanta*, 95 *Ga.* 129 (22 S. E. 29, 51 Am. St. R. 64); *Cook* v. *Macon*, 54 *Ga.* 468; *Gray* v. *Griffin*, 111 *Ga.* 361, 368 (36 S. E. 792, 51 L. R. A. 131); *Mayor &c. of Dalton* v. *Wilson*, 118 *Ga.* 100, 101 (44 S. E. 830, 98 Am. St. R. 101); 4 Labatt on Master and Servant (2d ed.), § 1615, p. 4928; 5 Thomp. Neg. § 5789. On the other hand, a municipality is civilly liable for damages arising "for neglect to perform, or for improper or unskillful performance of their duties" (Civil Code (1910), § 897); or for acts which are thus performed in its private character for business purposes, and for its own advantage or profit, although such act may enure to the ultimate benefit of the citizen. 5 Thomp. Neg. § 5789; 4 Labatt, M. & S. (2d ed.) § 1615; Dill. Mun. Corp. (5th ed.) § 1662, p. 2899. See *Huey* v. *Atlanta*, 8 *Ga. App.* 597 (70 S. E. 71); *Mayor etc. of Savannah* v. *Spears*, 66 *Ga.* 304; *Smith* v. *Atlanta*, 75 *Ga.* 110; *City of Greensboro* v. *McGibbony*, 93 *Ga.* 672 (20 S. E. 37). There is a diversity of opinion in outside jurisdictions as to the liability of municipalities while engaged in cleaning streets, for torts committed by its officers or agents. In some jurisdictions these duties are held to be governmental in their character, and the right to recover damages for torts thus committed is denied. See 4 Dill. Mun. Corp. 2899, and cases cited. In other jurisdictions municipalities have been held impliedly liable for the negligence of employees engaged in street cleaning. Ibid. *Missano* v. *New York*, 160 N. Y. 123 (54 N. E. 744); *Quill* v. *New York*, 36 App. Div. 476 (55 N. Y. Supp. 889); *Barney Dumping Boat Co.* v. *New York*, 40 Fed. 50. A clear distinction between the governmental and ministerial functions of a municipal corporation is drawn in the case of *Jones* v. *Williamsburg*, 97 Va. 722 (34 S. E. 883, 47 L. R. A. 294), where Riley, J., says: "A municipal corporation has a dual character, the one public and the other private, and exercises correspondingly twofold functions, the one governmental and legislative, and the other private and ministerial. In its public character, it acts as an agency of the State, to enable it the better to govern that portion of its people residing within the municipality; and to this end there is granted to or imposed upon it, by the charter of its creation, powers and duties to be exercised and per-

formed exclusively for public, governmental purposes. These powers are legislative and discretionary, and the municipality is exempt from liability for an injury resulting from the failure to exercise them, or from their improper or negligent exercise. In its corporate and private character there are granted unto it privileges and powers to be exercised for its private advantage, which are for public purposes in no other sense than that the public derives a common benefit from the proper discharge of the duties imposed or assumed in consideration of the privileges and powers conferred. This latter class of powers and duties are not discretionary, but ministerial and absolute; and, for an injury resulting from negligence in their exercise or performance, the municipality is liable in a civil action for damages, in the same manner as an individual or private corporation. The line of distinction  .  .  is clearly drawn by the courts and text-writers, and the exemption of the municipality from liability in the one case, and its liability in the other for an injury resulting from negligence, firmly established." Where a municipality is exercising an administrative function at the time an employee is injured, it owes its employee the duty of furnishing a safe place to work; and for a failure to do so, and where by reason of such failure an employee is injured without fault on his part, the corporation would be liable, under the same circumstances that a private individual or corporation would be. 4 Labatt on Master & Servant, § 1615; Condon *v.* Chicago, 249 Ill. 596 (94 N. E. 976). See Collins *v.* Greenfield, 172 Mass. 78 (51 N. E. 454); Hourigan *v.* Norwich, 77 Conn. 358 (59 Atl. 487, 17 Am. Neg. Rep. 445); Bruhnke *v.* LaCrosse, 155 Wis. 485 (144 N. W. 1100, 50 L. R. A. (N. S.) 1148). The authorities undoubtedly make a distinction between cases where injuries are occasioned by the agents of municipalities while engaged in the performance of governmental functions, or in private enterprises. Between the municipality and the public the question of liability depends upon whether at the time of the injury the municipality is engaged in a governmental or ministerial duty. The relation of a municipal corporation to its servants is the same as it is between any other master and servant, provided it is engaged in the performance of ministerial functions.

The question has been settled so far as this State is concerned, and the only difficulty is in applying the rulings made to a particular case. In *Love* v. *Atlanta,* supra, it was held that "The duty

of keeping the streets clear of putrid and other substances offensive to the sense of smell and which tend to imperil the public health devolves, under the charter of the City of Atlanta, upon the board of health of that city; and the functions of this department of the city government being governmental and not purely administrative in their character, it follows that if, in the exercise of such functions and in the discharge of the duties devolving upon this department thereunder, a private citizen is injured by the negligence of one of its servants in and about such work, no right of action arises against the city." And see, to the same effect, *Watson* v. *Atlanta*, 136 *Ga.* 370 (71 S. E. 664). In the body of the opinion in the *Love* case Justice Atkinson said: "With respect to matters concerning the public health, however, there is no serious conflict of reason, opinion, or authority upon the correctness of the proposition that the preservation of the public health is one of the duties that devolves upon the State as a sovereign power. It is such a duty as, upon proper occasion, justifies the exercise of the right of eminent domain and the demolition of structures which endanger or imperil the public health. In the discharge of such duties as pertain to the health department of the State, the State is acting strictly in the discharge of one of the functions of government. If the State delegate to a municipal corporation, either by general law or by particular statute, this power, and impose upon it within its limits the duty of taking such steps and such measures as may be necessary to the preservation of the public health, the municipal corporation likewise, in the discharge of such duty, is in the exercise of a purely governmental function, affecting the welfare not only of the citizens resident within its corporation but of the citizens of the commonwealth generally, all of whom have an interest in the prevention of infectious or contagious diseases at any point within the State, and in the exercise of such powers is entitled to the same immunity against suit as the State itself enjoys. Such a duty would stand upon the same footing as its duty to preserve the public peace, and its liability or non-liability would depend upon the same principle which relieves the city from liability for the misfeasance of a police officer in the discharge of his duty. It will be observed, however, that in order to exempt a city from liability, it is not sufficient to show that the particular work, from the negligent performance of which by the servants of the city a citizen was injured, was being performed under the direction of the health authorities;

but it must be shown that the particular work so being done was connected with or had reference to the preservation of the public health." It is a matter of common knowledge that the sweepings of the streets contain matter other than dirt and trash, which is offensive to the sense of smell, and which, if allowed to remain, will tend to affect not only the comfort but the health of the community as well. Even the English sparrows take cognizance of this, and act as scavengers in removing it. And it matters not that the duty of removing this cause of discomfort, inconvenience, and ill health to the community is delegated to the "Streets and Lanes Department" of a city. It is not the character or name of the agent who executes the duty of removing the cause of discomfort and ill health to the public which fixes the character of the duty performed, but it is the act itself which determines whether it be governmental or ministerial. It is immaterial whether the work is done under the supervision of the board of health of a municipality, or by the "Director of Public Works," or under the "Streets and Lanes Department." The duty is the same, and that is to remove from the streets all the sweepings and garbage and whatever would contaminate the atmosphere and breed pestilence and disease; and such a duty is a governmental and not a ministerial function. It is one that the entire public, living within or without the municipality, is concerned in,—the enforcement of laws for the preservation of the comfort and health of the citizen. The allegation that the cart was too weak to stand the weight of "the dirt and trash" in the cart can not change the character of the contents of the cart. The petition also alleged that the plaintiff was hauling "the sweepings of the street." Counsel for both plaintiff and defendant cite the ordinances of the City of Savannah as throwing light on the question at issue; but the court can not take judicial cognizance of the existence of the ordinances of a municipality, on demurrer, where such ordinances are not pleaded and set out. What is said in *Collins* v. *Russell*, 107 *Ga.* 423, 432 (33 S. E. 444), as to judicial cognizance of ordinances of the City of Savannah, has no application to a case like the present. But, without reference to the ordinances of the City of Savannah, which we can not consider under the present record, we hold that the allegation in the plaintiff's petition that the cart contained the sweepings of the streets, which he was hauling at the time of his injury, means that the plaintiff, as an em-

ployee of the city, was in the exercise of a governmental function; and this being so, he can not recover of the municipality. The court erred in overruling the general demurrer to the petition.

*Judgment reversed.   All the Justices concur.*