## 25561. ROBERTS v. MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH.

DECIDED OCTOBER 19, 1936.

*Oliver & Oliver,* for plaintiff.

*Shelby Myrick, J. C. Hester,* for defendant.

SUTTON, J. Mrs. Jewetta Roberts brought suit for damages against the Mayor and Aldermen of the City of Savannah. She alleged that said city owned and operated a municipal auditorium; that on many occasions the city contributed the same for public use; that on the night of July 17, 1935, the city "permitted the use of the city auditorium for public purposes and discussion of matters connected with rehabilitation loans to be made by the Federal government," and "permitted the public to attend such discussions, and through its servants, agents, and employees maintained, operated, and controlled said building;" that on said night the plaintiff attended the public meeting so held in the auditorium; and that the employees of the city negligently turned off the lights in the auditorium at the conclusion of said public meeting, but before all those in attendance thereon, including the plaintiff, had got out of the building, and on that account the plaintiff stumbled on the steps in the aisle and fell, thereby receiving the injuries sued for. The judge dismissed this petition on general demurrer, and the plaintiff excepted.

A municipality is not liable for the unskillful and negligent acts of its employees in the performance of purely governmental function in its behalf. Code, § 69-301; *Davis* v. *Rome, 23 Ga. App.* 188 (98 S. E. 231); *City of Atlanta* v. *Due, 42 Ga. App.*

797, 802 and cit. (157 S. E. 256), and cit.; *Mayor &c. of Savannah* v. *Jones,* 149 *Ga.* 139 (99 S. E. 294); *Walson* v. *Atlanta,* 136 *Ga.* 370 (71 S. E. 664); *Brannan* v. *Brunswick,* 49 *Ga. App.* 62 (174 S. E. 186). Between a municipality and the public the question of liability depends on whether at the time of the injury sued for the municipality was engaged in governmental or ministerial duty. In *Mayor &c. of Savannah* v. *Jordan,* 142 *Ga.* 409 (83 S. E. 109, L. R. A. 1915C, 741, Ann. Cas. 1916C, 240), a clear distinction between the governmental and ministerial functions was drawn.

2. A municipality is not liable to one injured by the negligence of its employees in the operation of the city auditorium, where at the time of the injury the municipality, through its governing officials, had "permitted the use of the . . auditorium for public purposes and discussion of matters connected with re-habilitation loans to be made by the Federal Government," and had "permitted the public to attend such discussions and through its servants, agents, and employees maintained, operated, and controlled said building," in that, on the occasion in question, the city was engaged in the exercise of a purely governmental function in the maintenance and operation of said auditorium. See *Cornelisen* v. *Atlanta,* 146 *Ga.* 416 (91 S. E. 415); *Reid* v. *Allanta,* 39 *Ga. App.* 519, 520 (147 S. E. 789); *Petty* v. *Allanla,* 40 *Ga. App.* 63 (148 S. E. 747). The fact that the auditorium might be used for profit on other occasions would not render the city liable to one injured at the time the same was being used strictly for governmental purposes. See *Cornelisen* v. *Atlanla,* supra.; 6 McQuillin on Mun. Cor. (2d ed.) 773. Applying the foregoing principles, the judge did not err in dismissing the action on general demurrer.

■ Where it appears from the allegations of the plaintiff's petition that there is no liability against the defendant, and where the petition was dismissed on general demurrer in the trial court, and that judgment is affirmed by this court, the rule laid down in *City of Rome* v. *Sudduth,* 121 *Ga.* 420 (49 S. E. 300), and *Central R. &c. Co.* v. *Paterson,* 87 *Ga.* 646 (13 S. E. 525), is applicable, and the petition is not now amendable.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*