26970. GRANAT *v.* MAYOR & ALDERMEN OF SAVANNAH.

DECIDED NOVEMBER 21, 1938. ADHERED TO ON REHEARING, DECEMBER 20, 1938.

O'Neal & O'Neal, A. Leopold Alexander, for plaintiff.

Spence M. Grayson, J. C. Hester, for defendant.

STEPHENS, P. J. Mrs. Granat brought suit for damages against the City of Savannah. It appears from the allegations of the petition that the Savannah Kennel Club was to hold a dog show in the city auditorium by reason of some indefinitely defined contract between the kennel club and the city. It was alleged in the petition that the auditorium was "leased" to the kennel club, but it was not alleged that the defendant was to receive any remuneration therefor from the kennel club. It was alleged that the exact terms of the contract were unknown to the plaintiff. It was alleged that the plaintiff's husband was employed by the Savannah Kennel Club in constructing dog kennels for use in a dog show which was to be held in the municipal auditorium in the City of Savannah. It was alleged that according to the contract between the city and the kennel club the plaintiff's husband performed his work at the "city lot," and that "the material prepared by him and by other workmen was then placed in a truck-owned by the defendant and hauled to the city auditorium, where it was unloaded and put in place by petitioner's husband, and other employees of the said Savannah Kennel Club." It was alleged that the plaintiff's husband, while riding on a truck belonging to the defendant city, which was loaded with lumber and was being operated by an employee of the defendant, and while riding to the auditorium "so that he might perform his work there," was injured by the alleged negligence of the city in the operation of the truck by its turning a corner at a speed

in violation of an ordinance of the city, and causing the lumber to slide off the truck, and the plaintiff's husband to be thrown violently to the ground, thereby sustaining injuries from which he died. The general demurrer to the petition was sustained and the plaintiff excepted.

"Municipal corporations shall not be liable for failure to perform, or for errors in performing, their legislative or judicial powers. For neglect to perform, or for improper or unskilful performance of their ministerial duties, they shall be liable." Code, § 69-301. Since, as against the general demurrer, the petition must be construed most strongly against the plaintiff, it will be construed as failing to set out a cause of action where the facts alleged are as equally consistent with the exercise by the city, in the performance of the act complained of, of its governmental function, for which there is no liability against the city for negligent performance, as with the exercise by the city of its purely ministerial function, for the negligent performance of which the city may, under certain conditions, be liable. Therefore, unless it plainly and unequivocally appears from the allegations of the petition that the city, in the performance of the act complained of, namely in the transporting of the plaintiff's husband under the circumstances alleged, was not engaged in the performance of a governmental power, but was engaged in the performance of a ministerial duty only, the petition fails to set out a cause of action. The facts alleged in the petition are equally consistent with the theory that the city, in the performance of the act complained of, was engaged in the performance of a governmental power as with the theory that it was engaged in the performance of a ministerial duty.

The maintenance by a city of an auditorium for the pleasure and convenience of the public, and for which the city receives no pecuniary gain or profit, is the exercise by the city of its governmental power. *Cornelisen* v. *Atlanta,* 146 *Ga.* 416 (91 S. E. 415) ; *Roberts* v. *Savannah,* 54 *Ga. App.* 375 (188 S. E. 39). Likewise, the maintenance by the city of a dog show in the city auditorium, as would be the maintenance by the city of a menagerie in one of its public parks, or the maintenance of any other show for the pleasure and entertainment of the public, and not for pecuniary gain or profit, is the performance of a governmental power. Assuming that where

it is alleged in the petition that the auditorium was leased to the kennel club this is an allegation that the city received a remuneration from the kennel club for the use of the auditorium, this is not an allegation that at the time of the alleged injury to the plaintiff's husband, and when the kennels were being constructed at the auditorium, the maintenance and operation of the auditorium by the city was for pecuniary gain or profit to the city, or that the construction of the kennels, or that the dog show, which was to be put on by the kennel club, was to be maintained or operated for pecuniary gain or profit to the city. *Watson* v. *Atlanta,* 136 *Ga.* 370 (71 S. E. 664). It appears from the allegations of the petition that the terms of the contract between the city and the kennel club, under which the dog show was to be maintained and operated in the auditorium, were unknown to the plaintiff. The petition therefore, when construed most strongly against the plaintiff, fails to allege that the defendant, in the performance of the act complained of, was engaged in a ministerial function. The petition failed to set out a cause of action and the court did not err in sustaining the demurrer thereto. See *Roberts* v. *Savannah,* 54 *Ga. App.* 375 (188 S. E. 39) ; *Watson* v. *Atlanta,* supra.

With the opinion rewritten and modified as above, the judgment of affirmance is, on rehearing, adhered to. The judgment, however, is modified by direction being given that when, or before, the judgment of this court is made the judgment of the trial court, the plaintiff be permitted to amend the petition by an amendment containing allegations of facts which would show that the city, in the operation of its truck which caused the injury to the plaintiff's husband, was at the time engaged in a ministerial duty only, and was not engaged in the exercise of its governmental power.

*Judgment affirmed, with direction. Felton, J., concurs.*

SUTTON, J., concurs in all except the direction as to amending the petition.