## 29523. CITY OF BRUNSWICK *v.* VOLPIAN.

DECIDED JULY 16, 1942.

*B. N. Nightingale,* for plaintiff in error.
*George B. Cowart, Ringel & Ringel,* contra.

STEPHENS, P. J. Mrs. Dora Volpian brought suit for damages against the City of Brunswick, a municipal corporation of this State, in which she alleged that her husband, while walking on a sidewalk of a main street in such city, pushing a bicycle, was killed by the negligent operation of a city truck. The plaintiff alleged that such truck was being operated by an employee of the city in the collection of garbage; that such employee, without warning, backed the truck on to the sidewalk; that it was not necessary in order to effectively collect the garbage for this truck to be backed on to this sidewalk; that the backing of the truck over the sidewalk constituted a dangerous obstruction on the sidewalk and was a menace to travelers thereon; that the conduct of the driver of the truck in backing the truck on to the sidewalk constituted a misfeasance on his part; that since the sidewalk was obstructed in the

manner alleged no further notice to the defendant municipality of the existence of the obstruction was necessary; that while the defendant may have been engaged in a governmental function in removing garbage from the residences of the citizens along such street, and from the street itself, the city was under a ministerial duty to keep the street and sidewalk in a safe condition for travel thereon; that in backing the truck on the sidewalk, without giving proper warning and due notice to travelers thereon, the defendant breached its duty to keep the sidewalk in a safe condition, and that the defendant thus created a dangerous obstruction and menace on the sidewalk rendering it unsafe for travel by the public. The petition as amended was demurred to generally and specially. The judge overruled the demurrers and the defendant excepted.

"Municipal corporations shall not be liable for failure to perform, or for errors in performing, their legislative or judicial powers. For neglect to perform, or for the improper and unskilled performance of their ministerial duties, they shall be liable." Code § 69-301. It has been held that the cleaning of streets and the removal of garbage therefrom and from the residences abutting on the streets and sidewalks are governmental functions, in the performance of which the municipality incurs no liability for the acts of its officers and employees. *Mayor &c. of Savannah* v. *Jordan,* 142 *Ga.* 409 (83 S. E. 109, L. R. A. 1915C, 741, Ann. Cas. 1916C, 240) ; *Love* v. *Waters,* 33 *Ga. App.* 234 (125 S. E. 772). The rule has been stated as follows: "In the collection and disposition of garbage undoubtedly a city acts for the public health and discharges a governmental function. In this regard, it is an agent and arm of the commonwealth, and for that reason is absolved from liability for the negligence of its employees." 6 McQuillen on Municipal Corporations (2d ed. 1937 rev.) 1058.

It affirmatively appears from the allegations of the petition as amended that at the time the plaintiff's husband met his death by being struck by a garbage truck of the city as it was improperly and negligently backed on and over a sidewalk of the City of Brunswick the city was exercising a public and governmental function, although it was not necessary for the truck to be backed on and over the sidewalk in order to collect the garbage, and although the truck was backed on this occasion without warning.

Whether or not, as alleged by the plaintiff, the backing of the

truck without warning across the sidewalk constituted an obstruction of the sidewalk and created a nuisance, the truck, at the time it struck the plaintiff's husband, was being used by the city in the exercise of its governmental function, and the death of the plaintiff's husband was caused by the operation of this vehicle by the city in the exercise of its public duty.

This case does not fall within the rule of those cases holding a municipality liable where, after the performance of a governmental function, the city had left an obstruction in the sidewalk and thus created a nuisance. The ruling might be different if the vehicle in question, after the city had ceased to use it in the removal of garbage in the exercise of its governmental function, had been left on the sidewalk for any substantial length of time.

However, the vehicle in question, as appears from the allegations, was in movement at the time it struck the plaintiff's husband, and even though the truck was negligently backed on the sidewalk, a governmental function was actually being performed at the time by this truck as it backed on and across the sidewalk. See *Love* v. *Atlanta*, 95 *Ga.* 129 (22 S. E. 29, 51 Am. St. R. 64); *Watson* v. *Atlanta*, 136 *Ga.* 370 (71 S. E. 664); 7 McQuillen on Municipal Corporations (2d ed.), § 2960; 1 Ann. Cas. 961, note.

It follows that the petition as amended did not set out a cause of action showing the city liable for the death of the plaintiff's husband caused by the backing of the truck, without warning, on the sidewalk, and that the judge erred in overruling the general demurrer.   *Judgment reversed.   Sutton and Felton, JJ., concur.*