35805. DAVIS *v.* CITY OF TOCCOA *et al.*

CARLISLE, J. 1. If three negligent acts are so related that the first two would probably not have resulted in injury if the third had not occurred, and the latter amounts to such a preponderating cause that it probably would have produced the injury even if the former had not occurred, or if the author of the latter negligence, with the intermediate effects of the former negligence consciously before him, is guilty of a new negligent act which preponderates in producing the injurious effect, we say that the first negligent causes are not the proximate cause, that the intervention of the latter negligence breaks the chain of causal connection so far as juridic purposes are concerned (*Atlantic Coast Line R. Co.* v. *Daniels*, 8 *Ga. App.* 775, 780, 70 S. E. 203; *Mayor &c. of Macon* v. *Dykes*, 103 *Ga.* 847, 31 S. E. 443, and citations); and, where the petition shows on its face that the injuries complained of, in a suit for damages, did not flow naturally and directly from the wrongful acts or omissions attributed to the defendants or could not reasonably have been expected to result therefrom or would not have resulted therefrom but for the interposition of some independent unforeseen cause, such antecedent wrongful acts or omissions of the defendants would not be the proximate cause of the injury of which complaint is made. *Vinson* v. *Augusta Roofing &c. Works*, 79 *Ga. App.* 434 (54 S. E. 2d 274).

2. Under an application of the foregoing principle of law to the facts of the present case, the trial court did not err in sustaining the City of Toccoa's general demurrer or in sustaining the motion to dismiss, in the nature of a general demurrer, urged by Colonial Stores, Incorporated. Assuming for the sake of argument that both Colonial and the city were negligent, Colonial in blocking the alley and the city in permitting the alley to be blocked, neither was under any duty to anticipate that as a result of their negligence the driver of the city's truck would back the truck away from the blockade without keeping a lookout to the rear and would negligently run the truck upon and kill the plaintiff's wife.

3. Under a construction of the petition most strongly against the pleader on demurrer, the petition does not set forth a cause of action against the city for the negligence of its truck driver in backing the truck without keeping a lookout as there are no allegations of fact contained in the petition to show whether the driver of the truck was performing a governmental function, for which there would be no liability, or a ministerial function, for which there would be liability for negligence under certain conditions, and the petition must be construed as alleging that the driver's negligence occurred in the performance of a governmental function. *Granat* v. *Mayor &c. of Savannah*, 59 *Ga. App.* 276 (200 S. E. 311).

*Judgments affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED DECEMBER 1, 1955—REHEARING DENIED DECEMBER 16, 1955.

*Kenyon, Kenyon & Gunter, Wm. B. Gunter,* for plaintiff in error.

*C. M. McClure, McClure & Ramsay, A. C. Wheeler, Wheeler, Robinson & Thurmond,* contra.