## 43451.   ARMBURST v. COX BROADCASTING CORPORATION.

ARGUED FEBRUARY 7, 1968—DECIDED MARCH 8, 1968.

*Grady E. Rozar,* for appellant.

*Troutman, Sams, Schroder & Lockerman, T. M. Smith, Jr., James E. Joiner,* for appellee.

DEEN, Judge. All the specifications of negligence against Cox relate in one way or another to the question of whether the negligence which actually caused the plaintiff's injury was within that defendant's range of foreseeability. Cox was within the terms of the permit granted it in routing the parade as it did, in erecting the reviewing stand, and in advertising the event and thereby causing a crowd to gather in the immediate vicinity. Whether one who causes a crowd or group of people to foregather for some purpose such as a parade is liable for an injury suffered by one spectator at the hands of another depends on the circumstances, and becomes a jury question where the minds of reasonable men differ as to whether the defendant was negligent in maintaining the premises, in controlling the crowd after notice of potential danger, or in failing to exercise ordinary care to anticipate and guard against injury the proximate cause of which is within its control. Cf. 38 ALR 1531, "Liability of one whose acts cause collection of, or disorder in, crowd for injuries

incident thereto." On the other hand, one who legally uses city streets for parade purposes is not an insurer of the safety of the spectators. In *Macon Telegraph Pub. Co. v. Graden,* 79 Ga. App. 230 (53 SE2d 371) a jury question was posed where the defendant caused a crowd to collect to watch a "soap box derby" conducted under its auspices; negligence there charged was that the defendant allowed inexperienced children to race flimsy home-made cars without taking precautions to protect persons lining the street, so that one of the cars got out of control and struck a bystander. There the question of foreseeability arose as to a potentially dangerous instrumentality within the control of the defendant, although the injury was not inflicted on premises belonging to the defendant. But where the injury "did not flow naturally and directly from the wrongful acts or omissions attributed to the defendants or could not reasonably have been expected to result therefrom or would not have resulted therefrom but for the interposition of some independent unforeseen cause, such antecedent wrongful acts or omissions of the defendants would not be the proximate cause of the injury." *Davis v. City of Toccoa,* 93 Ga. App. 155 (1) (91 SE2d 89). The defendant Cox was not negligent in organizing the parade. The construction going on around the bank building was not under its control. There was nothing to put it on notice of the actual insecurity of the scaffolding, even assuming that it might have foreseen that persons who wanted to watch the parade might trespass on that area. Without such actual knowledge, it had no duty to anticipate that children would climb the scaffolding and cause the unsecured wood sheathing to fall on those standing below, even though it might naturally have anticipated that people would be congregated there. Accordingly, no jury question is presented as to this defendant.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*