46084, 46086, 46088.  MION CONSTRUCTION COMPANY, INC.
v. RUTLEDGE et al. (three cases).
46085, 46087, 46089.  ATLANTA FEDERAL SAVINGS &
LOAN ASSOCIATION v. RUTLEDGE et al. (three cases).

JORDAN, Presiding Judge. For other litigation involving the same occurrence, see *Armburst v. Cox Broadcasting Corp.*, 117 Ga. App. 381 (160 SE2d 609). Neal B. Rutledge, Jr., and his two minor sons ascended a ladder to the scaffolding in order to use it as a platform to view the parade on July 4, 1967, but Rutledge was of the opinion "after reaching the top of said platform that there were too many people on said platform and that it was not suitable for viewing the parade" and he and his sons "proceeded to the ladder on which they had ascended in order to descend to the public sidewalk below." Before completing a safe descent, however, the entire structure collapsed, and all three were injured. Each of the Rutledges filed personal injury actions, naming three defendants, Mion Construction Company, Atlanta Federal Savings & Loan Association, and the City of Atlanta. Mion Construction Company and Atlanta Federal Savings & Loan Association filed separate appeals in each case from the overruling of motions for summary judgment. *Held:*

In the posture of the cases now on appeal it must appear that the defendants, as the movants for summary judgment in the lower court, have eliminated adversely to each of the plaintiffs, some issue for jury determination which is essential to recovery. *Standard Oil Co. v. State Neon Co.*, 120 Ga. App. 660 (1) (171 SE2d 777); *Watkins v. Nationwide Mut. Fire Ins. Co.*, 113 Ga. App. 801 (149 SE2d 749).

While the theory of recovery as alleged in each of the petitions is that of ordinary negligence by the defendants as the proximate cause of injury, and while issues of negligence and proximate cause are ordinarily matters for jury determination, and therefore incapable of resolution as a matter of law on motion for summary judgment, the pleadings and evidence on the motions for summary judgment conclusively show that the plaintiffs are entitled to a status no greater than that afforded licensees, for

they made use of the ladder and scaffolding merely for their own interest, convenience, and gratification and completely without the knowledge or consent of the defendants. See *Code* § 105-402. In this status the liability of the defendants is limited to wilful or wanton injury, and the pleadings and evidence clearly negate any wilful or wanton acts on the part of these defendants as the cause of injury to the plaintiffs. See *Washington v. Trend Mills,* 121 Ga. App. 659 (175 SE2d 111).

In our opinion the trial judge erred in refusing to grant summary judgments in favor of Mion Construction Company and Atlanta Federal Savings & Loan Association.

*Judgments reversed. Quillian and Evans, JJ., concur.*
ARGUED APRIL 7, 1971—DECIDED APRIL 20, 1971—
REHEARING DENIED MAY 14, 1971.

*Barwick, Bentley & Binford, Thomas S. Bentley, Warren W. Wills, Jr.,* for appellants.
*Moffett & Henderson, F. Glenn Moffett, Jr.,* for appellees.