48501, 48502. RUTLEDGE v. CITY OF ATLANTA (two cases).

CLARK, Judge. "I Love A Parade" might well be the theme song for the occurrence out of which arose the two instant appeals and two previous opinions by this court reported as *Mion Const. Co. v. Rutledge,* 123 Ga. App. 777 (182 SE2d 500) and *Armburst v. Cox Broadcasting Corp.,* 117 Ga. App. 381 (160 SE2d 609). These prior opinions contain an elaboration of the facts. The *Mion Construction* case is particularly pertinent as it involved these same appellants and ruled their legal status to be licensees rather than invitees as to the landowner and the construction concern.

The City of Atlanta had issued a parade permit to Cox Broadcasting Co. for a 1967 Fourth of July Parade. Joining thousands of other spectators for this patriotic celebration Rutledge and his two minor sons were present in downtown Atlanta. Seeking a favorable vantage view location, they ascended a ladder to some scaffolding erected as a protective shed. This roof was twenty feet above the sidewalk abutting a construction site. A police officer assisted one of the minor sons in mounting the ladder. Shortly after reaching the top of the platform they "decided to remove themselves from same inasmuch as it was felt at that time that there appeared to be too many people on said platform and it did not appear to be suitable at this vantage point for viewing the parade." (Appellant's Brief, page 3). While returning to the ladder for descent the platform collapsed and the plaintiffs were injured.

In undertaking to build an office building for Atlanta Federal Savings & Loan Association, Mion Construction Co. obtained from the City of Atlanta permission to build a protective shed over the adjacent sidewalk. This was the customary structure built for the protection of pedestrians using the sidewalk. The

roof was not intended for use as a walkway, platform or grandstand to be stood upon by the general public. This structure had been approved by the municipal inspectors who had determined it met the specifications of the city building code and was suitable for the intended use. This shed was not the property of the City of Atlanta but belonged to the construction company or the abutting landowner and was to be razed upon the completion of the office building.

Mion Construction Company and Atlanta Federal Savings & Loan Association were sued initially as co-defendants with the City of Atlanta. The construction company and the landowner were exonerated from liability by the opinion of our court reported in 123 Ga. App. 777 (182 SE2d 500). This opinion stated that "While the theory of recovery as alleged in each of the petitions is that of ordinary negligence by the defendants as the proximate cause of injury, and while issues of negligence and proximate cause are ordinarily matters for jury determination, and therefore incapable of resolution as a matter of law on motion for summary judgment, the pleadings and evidence on the motions for summary judgment conclusively show that the plaintiffs are entitled to a status no greater than that afforded licensees, for they made use of the ladder and scaffolding merely for their own interest, convenience, and gratification and completely without the knowledge or consent of the defendants. See Code § 105-402. In this status the liability of the defendants is limited to wilful or wanton injury, and the pleadings and evidence clearly negate any wilful or wanton acts on the part of these defendants as the cause of injury to the plaintiffs. See *Washington v. Trend Mills,* 121 Ga. App. 659 (175 SE2d 111)."

After that opinion had been given the City of Atlanta filed a motion for summary judgment in its behalf which was granted. This appeal by the plaintiffs recites these enumerations of error: (1) Plaintiffs' status was not that of a licensee to City of Atlanta; (2) defendant owed a duty to plaintiffs which could be breached by "mere negligence"; and (3) "There were genuine issues as to material facts and the Defendant-Appellee, City of Atlanta, was not entitled to a judgment as a matter of law."

1. Vis-a-vis the City of Atlanta, the plaintiffs must be ruled to be licensees. Although the previous opinion by this court was on appeal by the co-defendants, the ruling that the plaintiffs "made use of the ladder and scaffolding merely for their own interest, convenience, and gratification and completely without the

knowledge or consent of the defendants" applies equally to the City of Atlanta as a co-defendant.

Plaintiffs were on private property belonging to others without permission, for their own convenience. This shed was not owned by the City of Atlanta. It was not for use as a walk-way for pedestrians which is the customary use of the city's sidewalks and could not be considered as being within the class of persons that require a municipality to exercise ordinary care to keep its sidewalks safe for use by pedestrians going from one location to another.

We therefore cannot accept the contention by plaintiffs that they should be considered invitees as to the City of Atlanta. Their argument is that use of the scaffolding should have been anticipated by the city due to the scheduled parade. They add that other spectators had been permitted to use the roof for viewing the parade and that police officers had assisted spectators in climbing a ladder leading to the roof. As members of the city's constabulary their duties were of a police nature, such as directing traffic and maintaining order. Their aid to individuals in mounting a ladder to ascend to the roof of the protective shed which was private property without permission of the owners did not come within their scope of employment or governmental duties. "A municipal corporation is not liable for the wrongdoing or negligence of its police officers in the discharge of their ministerial duties. [cit.]" *Means v. City of Barnesville,* 28 Ga. App. 671 (1) (112 SE 739). See also *City of Cumming v. Chastain,* 97 Ga. App. 13 (102 SE2d 97).

With reference to the contention that the municipality was legally bound to anticipate the roof would be used in this manner, we find the foreseeability rule to be that "'One is bound to anticipate and provide against what usually happens and what is likely to happen; *but it would impose too heavy a responsibility* to hold him bound in like manner to guard against what is unusual and unlikely to happen, or what, as it is sometimes said, is only remotely and slightly probable.' *Yarbrough v. Cantex Mfg. Co.,* 97 Ga. App. 438, 440 (103 SE2d 138) and cit. 'The general test in such cases is not whether the injurious result or consequence was possible, but whether it was probable; that is, likely to occur according to the usual experience of persons.' *Whitaker v. Jones, McDougald, Smith, Pew Co.,* 69 Ga. App. 711, 716 (26 SE2d 545)." *Covington v. S. H. Kress & Co.,* 102 Ga. App. 204, 205 (115 SE2d 621). There was no duty upon the city to anticipate the placement

of a ladder for ascent to a roof on private property for use by spectators as a parade viewing stand.

In *Armburst v. Cox Broadcasting Corp.*, 117 Ga. App. 381, supra, the other case arising out of the identical parade, our court dealt with a plaintiff who was on the sidewalk regularly and normally used by pedestrians when this same structure collapsed. There the three defendants named here were sued along with the radio station sponsoring the celebration. In dealing with foreseeability and proximate cause as to the incident which resulted in the instant litigation our court quoted at 117 Ga. App. 381, 383, from *Davis v. City of Toccoa*, 93 Ga. App. 155 (1) (91 SE2d 89) this applicable principle: "[But where the injury] did not flow naturally and directly from the wrongful acts or omissions attributed to the defendants or could not reasonably have been expected to result therefrom or would not have resulted therefrom but for the interposition of some independent unforeseen cause, such antecedent wrongful acts or omissions of the defendants would not be the proximate cause of the injury."

2. As the plaintiffs were on private property in a location that was not a part of the city's system of sidewalks provided for pedestrian use and were licensees to whom a duty would be owed "only for wilful or wanton injury" (Code § 105-402) which has not been shown or claimed the trial court was correct in sustaining the motion for summary judgment in behalf of the City of Atlanta.

*Judgments affirmed. Hall, P. J., and Evans, J., concur.*

ARGUED SEPTEMBER 14, 1973 — DECIDED OCTOBER 26, 1973.

*Moffett & Henderson, F. Glenn Moffett, Frank M. Palmour,* for appellants.

*Henry L. Bowden, Charles M. Lokey,* for appellee.