71572. CITY OF VALDOSTA v. BELLEW.
(343 SE2d 111)

BIRDSONG, Presiding Judge.

Denial of Summary Judgment — Sovereign Immunity. The facts relevant to this granted motion for interlocutory appeal show that on and before October 4, 1983, the City of Valdosta as part of its governmental services provided garbage collection for the inhabitants of the city, both residential and commercial. Residential customers were charged a set rate, added to their water bill, and garbage collection was made twice weekly. Commercial customers used standardized "Dempsy Dumpsters" and were charged according to the size of the container and the frequency of the pick-ups. Additionally certain large business customers were charged reimbursement costs for the coverage of trash and garbage dumped at the city's landfill. Though the sanitation agency operated with its separate budget, it was designed to be a cost effective operation but did not generate funds for the general use of the municipality. Excess revenues were programmed to meet projected expenditures such as the development and use of a second landfill and to expand garbage collections routes caused by an expanding population.

One of the city's customers was a Hardee's hamburger restaurant located in the city. Hardee's purchased a "Dempsy Dumpster" and used it for the storing of its daily accumulations of trash and garbage. One of its employees, the appellee Bellew, was an "outside man" and in addition to policing the exterior of the restaurant, on occasion dumped trash and garbage into the dumpster.

The evidence disclosed that Hardee's dumpster was a large metal

box with two lids, each covering half the box. These lids customarily were left in an upright or open position. The lid was lifted and a rigid metal bar attached to the lid was fitted into a slot on the side of the body of the container. This bar acted as a brace to keep the lid upright. If the lid was lifted, the bar came out of the slot and the lid would fall or could be lowered to a closed position. The city required all these containers to be reasonably secure, i.e., closable, apparently to lessen odors and to exercise rodent control. Because occasionally the use of the garbage collection truck (involving two large tines inserted into sleeves on either side of the container) caused the lids to become bent and thus not to close adequately, or sometimes the rigid bar became bent thus affecting the use of the bar as a support for the lid, as a service to its customers the city upon being notified of damage to a container would make necessary repairs so that the lid would properly close or be supported. In fact in the instant case, a health officer for the city had notified Hardee's that the container in question had a bent lid, would not close completely and constituted a continuing nuisance. Upon request, the city had on two occasions effected repairs on that particular dumpster either by straightening the lid or bar or both. Apparently no charge was made for this service, it being a part of the garbage collection service of the city.

On the day of the incident in question, Bellew along with another employee of Hardee's emptied a 55-gallon garbage can into the dumpster. The can was lifted to the top edge of the dumpster and tipped but instead of holding onto the can each man let go of the handle and the can itself fell into the dumpster. As Bellew leaned over the edge of the dumpster to recover the can, the bar holding the lid became displaced and the lid fell upon Bellew's head and neck causing him serious injuries. Bellew brought suit against the City of Valdosta arguing that the city had been negligent in its repairs of the dumpster and this negligence was the direct and proximate cause of his injuries. The City of Valdosta moved the trial court for summary judgment urging that the collection of garbage is a governmental function and suit was barred by sovereign immunity. The trial court determined there were issues of fact as to whether the city was negligent in its repair of the container and denied the motion for summary judgment. The City of Valdosta moved this court for an interlocutory appeal of the denial of summary judgment and the grant of that motion is the basis for this appeal. *Held*:

We conclude the trial court erred in denying summary judgment to the City of Valdosta based upon sovereign immunity. While indeed there may be issues as to whether the city negligently repaired the lid or rigid bar or whether Bellew negligently dislodged the bar and caused his own injuries, this was not the subject of the city's motion for summary judgment. The motion for summary judgment was based

on sovereign immunity and thus in effect ignored issues of negligence. As we view the issue, the parties did not dispute the facts (i.e., the repairs, the services rendered by the city, and the actions of Bellew leading up to his injuries). The only material dispute related to whether these facts disclosed a governmental function or a ministerial function. We conclude this constituted a question of law for the trial court and not a question of fact for a jury.

Neither party is in disagreement that the collection of garbage is a governmental function, for the performance of which a municipality is granted immunity from liability for the negligent acts of its officers and employees. *Mayor &c. of Savannah v. Jordan*, 142 Ga. 409, 412-413 (83 SE 109); *Green v. Mayor &c. of Milledgeville*, 112 Ga. App. 130, 131 (144 SE2d 225); *City of Brunswick v. Volpian*, 67 Ga. App. 654 (21 SE2d 442). Thus the only question confronting the trial court was whether the secondary act of repairing the lid and rigid bar of the dumpster converted what clearly was a governmental function into a ministerial act, for which the city could be liable for its negligent acts. See *Partain v. Maddox*, 131 Ga. App. 778, 783 (206 SE2d 618).

The facts of this case disclose no obligation placed upon the City of Valdosta as a service unrelated to the collection of garbage to repair dumpsters inadvertently damaged during collection of garbage. The city charged no fees for this service and so far as the record shows, the repairs were exclusively and inextricably intertwined with the garbage collection function of the city. The fact that the repairs of the dumpsters is not directly related to the actual removal of garbage is not dispositive of the issue for the only purpose for repairs as shown on the record was to maintain health standards and to facilitate collection. See *Tory v. City of Atlanta*, 128 Ga. App. 155, 156 (195 SE2d 923). In *City of Rossville v. Britton*, 170 Ga. App. 1, 3 (316 SE2d 16), a dumpster was defective and presented a hazard. The City of Rossville took the dumpster out of service by placing it on the grass and the dumpster was turned over on its side or on its back. Subsequently, the dumpster was placed back in service by turning it upright by another collection crew. The dumpster fell over and injured Britton's daughter. It was concluded that placing the dumpster in an upright position was so closely associated with the garbage collection function that the city was immune from suit by virtue of performance of a governmental function, irrespective of any question of negligence in using a defective dumpster.

Bellew seeks also to invoke questions of involvement in a ministerial function by contending that the City of Valdosta was engaged in a money engendering enterprise. It is argued that by collecting fees, the city used garbage collection as a source of revenue instead of purely incidental profit, and thus the city converted its governmental functions into a quasi public or ministerial function. See *City of At-*

*lanta v. Whatley*, 161 Ga. App. 705 (289 SE2d 541). However, the evidence in this case shows that no part of the revenues generated by garbage fees were used for any purpose other than to offset expenses of furnishing garbage services. Thus, there is no source of revenue that would take the garbage collection service outside a governmental function and convert it into a ministerial one. See *Cornelisen v. City of Atlanta*, 146 Ga. 416 (1) (91 SE 415).

*Judgment reversed. Carley and Sognier, JJ., concur.*

DECIDED JANUARY 9, 1986 —
REHEARING DENIED MARCH 24, 1986 —

*George T. Talley*, for appellant.
*O. Wayne Ellerbee*, for appellee.