McCurdy & Barnes vs. Binion.

---

McCurdy & Barnes vs. Binion.

| 80 | 691 |
|---|---|
| 103 | 358 |
| 80 | 691 |
| 106 | 134 |

1. Certain charges of the court complained of in the 1st and 2d grounds of error were either correct in themselves, under the pleadings and evidence, or were not of such a character as to injure the plain-tiff in error.

2. When an admission is made by one of the parties to a cause, it is not error for the judge to so state to the jury, nor is it error for the judge to state that certain facts proved are *data* which may be used by the jury in reaching their verdict.

3. Charges complained of in the fourth and fifth grounds of error were justified by the evidence.

4. Where, according to the evidence on both sides, plaintiff had the right to stop defendants' cutting timber whenever he chose to do so, and the violation of contract complained of on the part of plaintiff was his stopping defendants and preventing their cutting timber to an extent to which they expected to cut it, and the violation by defendants claimed by plaintiff consisted in their not accounting to him for lumber sawed, it was not error to charge: "Notwithstanding the jury might believe that plaintiff prevented defendants from carrying out their contract by violation of it on his part, that would not excuse violation on their part."

5. To say that the jury found contrary to a certain charge of the court, is equivalent to saying that they found contrary to law, and such a ground of alleged error will not be considered.

6. A new trial will not be granted because of a remark made to counsel while arguing a question of law to the court as to what was the court's understanding of the law, although the remark be made in the hearing of the jury; especially where the judge charged the jury correctly as to the law governing the case.

7. The verdict was not contrary to law or evidence.

April 25, 1888.

Charge of the court. Contracts. Conduct of cause. Before Judge RICHARD H. CLARK. Dekalb superior court. August term, 1887.

Abraham Binion sued McCurdy & Barnes, alleging that they agreed to cut, saw up and market from his land all the trees suitable for lumber, and pay him in cash $1.25 per hundred for one-half of the square pine lumber obtained therefrom and half the gross proceeds of the sale of the balance at a fair market price, payments to be made as the lumber was taken from the land; and that they went on the land, sawed up 228 trees and sold the lumber for sums the exact amount of which he was unable to state, but alleged to be $1,200, which (except $69) is unpaid.

The defendants pleaded that the contract really was, that they were to saw the timber for one-half the lumber made, which they had done until the work was stopped

by Binion, when they left on the premises the half due him; that they had incurred large expenses in view of the plaintiff's promises that they might cut the timber on about 500 acres of land; and that the plaintiff had stopped their work when they had cut only a portion of the most inferior timber, damaging them to the extent of $2,000, which they pleaded by way of recoupment.

On the trial, the plaintiff showed that the defendants had agreed to pay him $1.25 per hundred; that they had sawed about 220 trees, but had paid him only $69 and refused to pay more; that at various times, one of the defendants stated to a third person that the contract was as alleged by the plaintiff; that the commencement of the cutting had been entered in a book (which was introduced in evidence), showing about 220 trees of various dimensions; and that a lien foreclosed by the plaintiff on the lumber had been levied on it by the sheriff while it was left on the land, but no sale was made, defendants having contested the claim of lien.

Defendants evidence was in direct conflict with that of the plaintiff as to the contract, supporting their plea on this point. It showed that about 100,000 feet of lumber had been cut, and of the 50,000 feet allotted to plaintiff about eight or ten thousand had been sold by them for him under agreement, and the proceeds ($83.00) had been paid to him; that plaintiff stated he wanted one of defendants to sell his part, which they proceeded to do at the market price, until plaintiff complained, asserting that he should be paid $1.25 for his lumber, and he was told that this could not be obtained, and he had better take his lumber himself, which he refused to do; that 42,000 feet had been left on the land for plaintiff, he having refused to take it; that the lumber was worth from 80 cents to $1.00 per hundred, the very best quality being worth more; and that they had been allowed to cut only a small part of the timber, and had been induced by their contract to incur large expenses.

The defendants also introduced an affidavit for the fore-closure of a lien, under §1985 of the code, made by plaintiff, upon defendants' saw-mill and its products, for the indebtedness sued for in this case, with the execution issuing thereon, and its levy on 41,000 feet of lumber sawed, and a counter-affidavit of defendants denying the lien and the indebtedness.

The jury found for the plaintiff $336.00 and interest. The defendants moved for a new trial on the grounds set out in the decision, which motion was overruled; and exception was taken.

MYNATT & CARTER, for plaintiff in error.

CANDLER, THOMSON & CANDLER, *contra.*

BLANDFORD, Justice.

Binion obtained judgment against McCurdy & Barnes; whereupon they moved for a new trial, which was refused, and they excepted.

1. The first assignment of error is, that the court charged:

"If the jury believe that defendants entered on plaintiff's land and sawed an amount of timber into lumber of certain value, and have not paid plaintiff for it, plaintiff is entitled to a verdict, unless plaintiff has violated his contract with the defendants, as a consequence of which they had a claim of recoupment against him."

This is assigned as error because the difference between the parties was as to the price at which his lumber was to be sold, and because the charge assumed that the defendants were to pay for it at some price; while their evidence was that they were to sell at the market price, which plaintiff refused to let them do, which left the title to the lumber in the plaintiff.

After examination of the record in this case, we think this charge did no harm  and we cannot say that it does not state the law correctly.  We do not think the plaintiff

in error can take anything by this ground of the motion.

Another charge complained of is the following:

" It matters not what the jury find the contract to have been, if they are satisfied the defendants owe the plaintiff on it, unless defendants have a claim of. recoupment in the manner stated; if plaintiff is entitled to recover, and there is no set-off, plaintiff would be entitled to recover in dollars and cents." This is claimed to be erroneous as making defendants liable to pay dollars and cents whether they contracted to do so or not their evidence being that half the lumber was plaintiff's and they were to sell it at market price, which he refused to let them do. We think this charge, taken in connection with the pleadings, was a correct charge. The defendants set up recoupment and damages; they said that Binion, the plaintiff, had refused to carry out his contract, and had refused to allow them to go on and carry out their contract; whereby they were greatly damaged.

2. The 3d ground is, that the court charged that the jury had before them the defendants' admission that they sawed 100,000 feet, the testimony that there were so many trees cut down, and that they measured thus and thus, and that such trees would make so many hundred feet to the tree; and these were the *data* from which the jury were to arrive at the amount the defendants should be charged with. This is assigned as error. We see no error in it, when it is considered in connection with the evidence in the case. There was an admission by one of the defendants that there was 100,000 feet of lumber sawed from the timber cut on Binion's land, and the court had a right to state to the jury that this was admitted. There was also evidence introduced as to the number of trees and the length of the trees, and as to how much lumber these trees, when cut down and sawed, would make; and all of these things were *data* from which the jury could arrive at the amount of lumber the defendants should be charged with.

3. The 4th ground is, that the court charged :

" If lumber had been sawed for other persons, it was an element for the jury to consider whether defendants had a right, under their contract, to saw for others until they were through with their contract with him; and if they had no such right, that would justify Binion in stopping them in sawing the lumber." We see no error in this charge. It appears from the evidence that the defendants, while sawing for Binion the timber from his land, also sawed for others at the same time some 60,000 feet.

The 5th ground is, that the court charged: " There was a controversy as to who should be charged with the lumber left for plaintiff by defendants. If the jury believe that this lumber was left for the plaintiff and he accepted it as such, he would be chargeable with it; if not, he would not be." We do not see any error in this. The contract, as proved both by Binion, the plaintiff, and by Barnes, one of the defendants, was, that the lumber was to be sawed and all of it sold, and that half of the proceeds should be paid over to Binion. Binion contended that he was to have for his lumber $1.25 per hundred; whereas Barnes contended that they were not to pay any particular price for it, but they were to sell it at the market price, and he was to have the price they received. That is the only difference between them as to this matter.

4. The 7th ground is, that the court charged: " Notwithstanding the jury might believe that the plaintiff prevented the defendants from carrying out their contract by violation of it on his part, that would not excuse violation on their part." This is claimed to be erroneous because a misstatement of the law of contracts, and because the defendants are not seeking any benefit from the contract. I do not see where there is any error in this charge. According to the evidence both of Binion and Barnes, the contract was that Binion would allow the defendants to saw lumber from his land just as long as it pleased him and no longer. They wanted to get a contract from him that would allow them

McCurdy & Barnes *vs.* Binion.

to saw all the lumber from 500 acres of his land, but he would not sign such a contract. They sawed lumber from about 100 acres of the plaintiff's land, on the south side of the Georgia Railroad, and they wanted to go on the north side, but they had not come up with their money, and he stopped them, as he had a right to do. Under the contract testified to, he had a right to stop them whenever he thought proper.

5. The 8th ground is, that the jury found contrary to a certain charge of the court, set out in the motion. This is equivalent to saying that the jury found contrary to law, and we will not notice it under this head.

6. The 9th ground is, that while defendants' counsel was arguing on the subject of the counter-affidavit and levy of the plaintiff's claim of lien, the court stated in the presence of the jury that the effect of the counter-affidavit was to stop the plaintiff in the levy and sale of the property, and therefore the defendants would have to account for the lumber. This is assigned as error because not a correct statement of the law. We are not prepared to say whether this is a correct statement of the law or not; but the statement was made to counsel while they were arguing the law before the court, and was not made to the jury. It was a matter the jury had nothing to do with, for he did not charge this to the jury at all; and we find that he made everything right in his charge.

7. The 10th assignment of error is that the verdict was contrary to law and evidence. We think the verdict was warranted by the law and the evidence in the case. We think the evidence clearly showed that Binion was entitled to recover at least as much as he did recover. The defendants left certain lumber on his land which he would not take; and the jury gave him the value of that lumber at 80 cents a hundred feet. It appears besides that the defendants are insolvent, and his only chance to get any money at all now is out of that lumber. So after all, the case is much ado about nothing.

Judgment affirmed.