40649. HICKMAN v. LIVINGSTON.

Decided May 6, 1964—Rehearing denied June 15, 1964.

*Philip T. Keen,* for plaintiff in error.

*Arnall, Golden & Gregory, H. Fred Gober,* contra.

NICHOLS, Presiding Judge. Under the allegations of the plaintiff's petition the defendant first filed suit, the plaintiff then filed a bankruptcy petition, and thereafter the defendant obtained a judgment in its suit and sought to collect judgment by a garnishment proceeding. The petition alleges that the defendant had notice of the bankruptcy proceedings but nowhere is it alleged that the defendant sought to have the proceedings on the defendant's action against the plaintiff stayed, and it is alleged that such judgment against the plaintiff was a default judgment.

In *Aiken v. Bank of Ga.,* 101 Ga. App. 200 (1) (113 SE2d 405), it was held: "A discharge in bankruptcy in nowise extinguishes a debt; it merely makes collection of it unenforceable when the debtor desires to take advantage thereof; being a personal defense it may be insisted on or waived at the election of the bankrupt." In such case it was pointed out: "The discharge in bankruptcy is not an automatic device for obliterating the debt, but it must be used in a proper manner by the debtor for his protection. A State court cannot take judicial notice of a discharge in bankruptcy. Boynton v. Bell, 121 U. S. 457 (7 SC 981, 30 LE 985); *Woodward v. McDonald,* 116 Ga. 748 (42 SE 1030); *Crawford v. Bostwick-Goodell Co.,* 141 Ga. 356 (80 SE 1005)."

The action pending in the State court is not automatically stayed as a result of the filing of the petition seeking to be declared a bankrupt but upon petition in the State court such action will be stayed if based upon a claim upon which a discharge would operate as a release. See *Shabaz v. Henn,* 48 Ga. App. 441, 442 (173 SE 249); *Duncan v. Southern Savings Bank,* 59 Ga. App. 228 (200 SE 561), and cases cited. No attempt has been made by the plaintiff in the present case to have the judgment obtained against him stayed, and the defendant was not

guilty of a malicious abuse of legal process in attempting to collect such judgment by use of summons of garnishment in such circumstances. The trial court did not err in sustaining the defendant's general demurrer to the plaintiff's petition.

*Judgment affirmed. Hall and Russell, JJ., concur.*

ON MOTION FOR REHEARING.

The plaintiff contends in his motion for rehearing that the exhibit attached to his petition showing that the judgment was obtained in the Civil Court of DeKalb County at the February, 1963 term was a typographical error and that such exhibit should have shown that such judgment was obtained at the February, 1962 term. Such exhibit is a copy of a garnishment affidavit allegedly filed in the Civil Court of Fulton County.

Attached as an exhibit to the motion for rehearing is a copy of the garnishment affidavit, showing the judgment as having been obtained in 1962, certified by the Clerk of the Civil Court of Fulton County.

The petition in the present case was filed in the Superior Court of Fulton County, not the Civil Court of Fulton County, and there is no contention made that the exhibit forwarded to this court as a part of the record is not a correct copy of the exhibit as it was actually filed as a part of the plaintiff's petition in the case sub judice.

However, had the judgment against the plaintiff here been obtained prior to the bankruptcy the result would have been the same since the defendant here could seek to enforce his judgment until the plaintiff here took proper action by affidavit of illegality or otherwise to prohibit the collection of such judgment. See *Aiken v. Bank of Ga.*, 101 Ga. App. 200, 203, supra.

*Motion for rehearing denied.*