## 44480.   STANDARD OIL COMPANY v. STATE NEON COMPANY, INC.

Jordan, Presiding Judge.   The plaintiff, Standard Oil Company of Kentucky, issued to the defendant corporation, State Neon Company, a number of credit cards for the purchase of petroleum products and services on credit at stations displaying the Kentucky Standard sign and elsewhere, on which the following appeared: "Company [Standard Oil] owns this card, and may revoke, repossess or modify it any time.   Customer agrees to pay for all purchases made by any person using this card, whether authorized or not; however, if card is lost or stolen, and customer did not originally give up possession of card voluntarily, his responsibility ceases on company's receipt of written notice of such loss or theft. Accounts are due and payable within 15 days of statement date.   A service charge will be made on past due balances. Customer's retention or use of this card constitutes his acceptance of the foregoing terms and conditions."

The defendant issued one of the cards to an employee for his use in furtherance of the defendant's business.   On May 13, 1966, the defendant discharged this employee, who had previously used the card on company business, and a representative of the defendant instructed him to return the card, but he retained the card and disappeared.   In a letter dated May 18, 1966, addressed to the plaintiff at an Atlanta address, the president of the defendant company referred to a telephone conversation and stated, "[W]e are returning herewith our credit cards and ask that our account be closed due to the fact that one of the cards is in the possession of a former employee that was discharged May 13, 1966, by the name of Wayne D. Light."   The defendant company was thereafter unsuccessful in locating Light to obtain the card.

In the present action Standard Oil seeks to recover $444.09 representing purchases made throughout the United States by use of the card.   From the dates appearing on the legible copies of sales slips in the record the claim is based on purchases commencing on May 14, 1966, and extending into July 1966, which show the purported signature of Light as the recipient.   The defendant admits in effect that such charges resulted from Light's unauthorized use of the credit card which he failed to surrender upon discharge from his employment.

Standard Oil appeals from an order denying its motion for summary judgment. *Held:*

1. While a defendant, as the movant for a summary judgment, must demonstrate that there is nothing to be tried because the truth of a single issue essential to recovery as admitted or proved is adverse to the plaintiff, the plaintiff must demonstrate that there is nothing to be tried because of the truth of all issues in his favor, as admitted or proved. See *Weekes v. Parker,* 120 Ga. App. 549.

2. "Because of the great amount of business done with credit cards, it is vital that there be some definitive solution to the problem of which of the two parties, the issuer or the holder, should be held responsible for unauthorized purchases made with credit cards. It appears that the result reached in Diners' Club [The Diners' Club, Inc. v. Whited, Civil No. A 10872, App. Dep't Cal., Aug. 6, 1964, involving liability of the holder for unauthorized use] is the fairest. If neither the issuer, holder, nor merchant has been negligent, and if the parties have used due care in carrying out their various duties, or if only the holder has been negligent, the contractual liability clause between the issuer and holder should be given full force and the holder should be liable for the unauthorized purchases. However, as between the holder and the issuer, the issuer is better in a position to prevent unauthorized charges. Therefore, if the issuer or merchant has been negligent in accepting charges, the issuer and *not* the holder should be the one to suffer. To hold otherwise would be to encourage lax practices among the merchants, for the merchants' examination of credit cards would become even more perfunctory than at present if they knew they would be repaid regardless of whether the charges were authorized. Requiring due care by all parties in the three-party situation is the most equitable solution to the problem." Notes and Comments, 43 North Carolina Law Review 416, 424.

3. It is settled law in this State that the furnishing of a credit card bearing thereon certain terms and conditions constitutes an offer which ripens into an enforceable contract by retention and use of the card by the holder. *Read v. Gulf Oil Corp.,* 114 Ga. App. 21, 22 (150 SE2d 319); *City Stores Co. v. Henderson,* 116 Ga. App. 114, 120 (156 SE2d 818). It is clear from the terms and conditions stated on the card here involved that the issuer reserved the right to terminate the

arrangement at any time, and further agreed to relieve the holder of responsibility for subsequent purchases in the event the card was lost or stolen under circumstances not involving a voluntary surrender of possession of the card, upon the receipt of written notice from the holder. We find nothing in the present agreement, however, which would prevent the holder from terminating the agreement at any time, by notifying the issuer and returning the cards. But here, because of the voluntary surrender of one card to another, from whom the holder failed to regain possession, we think the holder remained accountable to the issuer for its subsequent use, authorized or unauthorized, and is prima facie chargeable with a breach of the contract in failing or refusing to pay for such charges. Nevertheless, we think the notice given by the defendant to the plaintiff is clearly sufficient to put the plaintiff on notice of unauthorized use and the possibility of charges which the defendant would refuse to pay, and to impose on the plaintiff the duty to act in a reasonable manner to reduce any losses that might occur by reason of the unauthorized use of the outstanding card, as is required under the provisions of *Code* § 20-1410. There is no explanation in the record whatsoever of what steps, if any, the plaintiff company took to regain possession of the card or to notify any stations to refuse to honor the card. Under the circumstances here shown we think there is a genuine issue of fact regarding the mitigation of losses for unauthorized charges, on and after the date the plaintiff received notice that a card was in the hands of an unauthorized user, for jury determination under the provisions of *Code* § 20-1410.

4. The trial judge did not err in denying the plaintiff's motion for summary judgment.

*Judgment affirmed. Hall and Whitman, JJ., concur.*

ARGUED JUNE 4, 1969—DECIDED OCTOBER 28, 1969—
REHEARING DENIED NOVEMBER 18, 1969.

*King & Spalding, Kirk McAlpin, A. Felton Jenkins, Jr.,* for appellant.

*Philip T. Keen, Wilson Brooks,* for appellee.