44715. TAYLOR et al. v. BOLTON.

JORDAN, Presiding Judge. The claim in the present case arises out of a master-servant relationship, and the gist of the action is the alleged negligence of the defendants in failing to provide the plaintiff, a farm laborer, with safe working conditions and in failing to warn him of the dangers involved. The plaintiff was unloading corn and his legs were injured in the machinery being used for this purpose. The defendants appeal from the denial of a summary judgment. *Held:*

The sole issue for consideration is whether the defendants have pierced the pleadings so as to eliminate negligence on their part as the proximate cause of the plaintiff's injuries. To do this the defendants rely solely on the plaintiff's testimony, from which it does appear that he was an experienced farm laborer, and perhaps well acquainted generally with the dangers involved in working around farm machinery, but it also appears that the machinery may have been defective in a manner which may have caused him to fail to appreciate fully the dangers involved, thus making a jury question as to whether, under such conditions, the employers should have issued a warning or taken other safety measures. For the responsibilities of the master and servant in this respect, see *Code* §§ 66-301, 66-303.

"By now it has become elementary in our summary judgment law that in order to pierce allegations of material fact contained in the plaintiff's petition, the evidence offered by the defendant on motion for summary judgment must unequivocally refute those allegations and must clearly show what is the truth of the matter alleged. It is not sufficient if the evidence merely preponderates towards defendant's theory

rather than plaintiff's or if it does no more than disclose circumstances under which satisfactory proof of the plaintiff's case on trial will be highly unlikely. *Watkins v. Nationwide &c. Ins. Co.,* 113 Ga. App. 801, 802 (149 SE2d 749)." *Central of Ga. R. Co. v. Hawes,* 120 Ga. App. 4 (169 SE2d 356). Also, see *Shutley v. Hite,* 118 Ga. App. 664 (165 SE2d 169). It is also well settled that ordinarily issues of negligence and proximate cause, including defenses such as the assumption of risk and the failure of the plaintiff to exercise ordinary care for his own safety or his contributory negligence, are jury questions and that a court should not take the place of a jury in solving them except in plain and indisputable cases. E.g., see *Seagraves v. ABCO Mfg. Co.,* 118 Ga. App. 414, 420 (164 SE2d 242).

*Judgment affirmed. Hall and Whitman, JJ., concur.*

ARGUED SEPTEMBER 9, 1969—DECIDED FEBRUARY 6, 1970.

*Sharpe, Sharpe, Hartley & Newton, W. Ward Newton, T. Malone Sharpe,* for appellants.

*Percy J. Blount,* for appellee.