## 45347. GREGORY v. STAR ENTERPRISES, INC.

JORDAN, Presiding Judge. Star Enterprises, Inc. d/b/a National Plumbing Supply Company, commenced this action on an account. The trial judge, sitting without a jury, found for the plaintiff and the defendant appeals from the judgment, his motion for a new trial having been overruled. *Held:*

1. The first enumeration asserts that the plaintiff had no legal interest in the account, and the second enumeration asserts error in allowing oral testimony to show the relationship be-

tween Star Enterprises and National Plumbing over objection based on the best-evidence rule. The issue involved in both enumerations is whether Star Enterprises is the proper party plaintiff. The invoices covering the account are in the name of National Plumbing Supply Company, and the testimony objected to was that of counsel for the plaintiff that he had personally examined the trade name docket of Fulton Superior Court and that National Plumbing Supply Company is recorded there as a trade name of Star Enterprises.

Conceding, without deciding, that the proof may be deficient in showing that Star Enterprises is the proper plaintiff, (the local manager of National Plumbing did testify that it was a trade name for Star Enterprises, but he also testified that the former was a corporate entity), and that the objection to the testimony of counsel at the trial in the lower court was valid, we think any issue raised by these enumerations is moot.

Counsel for the defendant-appellant stated in his opening statement in the brief submitted to this court: "Prior to the commencement of this suit, plaintiff-appellee had been selling to defendant-appellant various construction material on an open account. There was a controversy over the current balance of the account and from this controversy this suit was brought." In our opinion this statement eliminates any real issue as to the proper party plaintiff and limits the controversy to a dispute over the amount due on the account. "Except as controverted, the statement of facts by the appellant [in his brief] may be accepted by this court as prima facie true." Rule 17(b) (1), this court. Statements of counsel during the trial of a case may be regarded as admissions in judicio. *Central of Ga. R. Co. v. Johnston,* 106 Ga. 130 (32 SE 78). Also, see *Code* § 38-114.

2. The remaining enumeration asserts error on the admission in evidence of the invoices as business records without any showing that the invoices in question were made in the regular course of business and that it was the regular course of business to make such records at the time of the events complained of or within a reasonable time thereafter. The local branch manager of the National Plumbing Supply Company testified he had custody of the books and records of the company, and

14

that customarily records of this nature were made of credit transactions at the time the purchaser received the goods. While he admittedly had no personal knowledge of the transactions he testified that the defendant, at his invitation, compared his customer copies with the originals held by the company, and "agreed that it was his and the account was owed" in the amount sued for. The defendant did not testify, and there is no evidence whatsoever to contradict the testimony that the defendant had admitted the indebtedness. The transcript further discloses that the trial judge, in admitting the invoices, did so on the basis that the documents were the documents which the defendant had compared with his own records when he admitted the account. In our opinion the documents were admissible for this reason irrespective of whether admissible under the business records rule set forth in Ga. L. 1952, p. 177 *(Code Ann.* § 38-711).

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*
ARGUED MAY 5, 1970—DECIDED JUNE 10, 1970.

*Parker, Parker & Rary, J. C. Rary,* for appellant.
*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Devereaux F. McClatchey, Jr.,* for appellee.