## 46682.   AMERICAN PLAN CORPORATION v. BECKHAM.

JORDAN, Presiding Judge. In this common law claim against American Plan Corporation, in the nature of an action for malicious use of civil process commenced in Fulton Superior Court in May, 1970, the defendant appeals the denial of a summary judgment. *Held:*

1. It is settled law that for a defendant to prevail as the movant for summary judgment the undisputed facts as disclosed by the pleadings and proof must negate some essential element of the plaintiff's claim, thereby entitling the defendant to judgment as a matter of law. *Mion Constr. Co. v. Rutledge,* 123 Ga. App. 777 (182 SE2d 500); *Taylor v. Bolton,* 121 Ga. App. 141 (173 SE2d 96).

2. No basis appears for treating the present action as one for malicious *abuse* of process, as distinguished from malicious *use* of process, inasmuch as the process here shown to have been used, garnishment proceedings, was obviously instituted by a judgment creditor in an effort to satisfy the judgment, one of the precise purposes intended by law, and therefore not misapplied. *Atlanta Finance Co. v. Dean,* 35 Ga. App. 421 (133 SE 304).

3. "[T]he law is inflexible in its specific requirement that in an action for damages for the malicious use of civil process three essential elements must appear, to wit: (1) Malice. (2) Want of probable cause. (3) The proceeding complained of has terminated in favor of the defendant before an action for damages is instituted." *Ga. Veneer &c. Co. v. Florida Nat. Bank,* 198 Ga. 591, 609 (32 SE2d 465).

4. In our opinion, the provisions of *Code* §§ 105-802, 105-804, applicable to an action for malicious prosecution, provide appropriate guidelines for determining the existence of malice and want of probable cause in an action for malicious use of civil process. "Malice may be inferred

from a total want of probable cause, but lack of probable cause can not be inferred from the existence of the most express malice . . . Want of probable cause is a question for the jury, under the direction of the court. The question of probable cause is a mixed question of law and fact. Whether the circumstances alleged to show probable cause existed is a matter of fact, to be determined by the jury, but whether they amount to probable cause is a question of law for the court." *Hearn v. Batchelor,* 47 Ga. App. 213, 214 (170 SE 203). See *Hicks v. Brantley,* 102 Ga. 264, 273 (29 SE 459); *Morgan v. Mize,* 118 Ga. App. 534 (164 SE2d 565); *Gibson's Products Co. v. McDaniel,* 122 Ga. App. 264 (176 SE2d 548).

5. In *Hickman v. Livingston,* 109 Ga. App. 812 (137 SE2d 491), a claim for malicious abuse of process, this court recognized that pending bankruptcy proceedings do not automatically prevent the use of garnishment proceedings, but was careful to state that the plaintiff had made no attempt to have the judgment against him stayed. There was no basis in that case for consideration of whether a judgment creditor proceeding in garnishment in the face of a restraining order from a referee in bankruptcy may be acting without probable cause, and therefore, by inference, with malice.

6. Here it is undisputed that the defendant was a judgment creditor of the plaintiff when the plaintiff commenced proceedings for a Wage Earner Plan in the United States District Court of Georgia, that the defendant filed a proof of claim in these proceedings, that the referee in bankruptcy temporarily restrained "all parties" from proceeding in other actions against the debtor plaintiff, "including the prosecution of garnishment proceedings," after which, during December, 1969, the defendant, through its authorized attorney, commenced garnishment proceedings in the Civil Court of Fulton County, and that on December 5, 1969, a summons of garnishment was served upon the plaintiff's employer. It is alleged in the petition that "the plaintiff's wages were garnished"

and that as a result he was discharged from his employment.

In our opinion under the circumstances here shown neither malice nor want of probable cause has been eliminated as a matter of law, for malice may be inferred from want of probable cause, and although ordinarily a judgment creditor may have probable cause and may enforce a judgment by garnishment proceedings, it is also apparent in the present case that the judgment creditor instituted the garnishment proceedings in the face of and while participating in Proceedings for a Wage Earner Plan, which included an order temporarily restraining the creditor from the prosecution of garnishment proceedings.

7. This leaves for consideration whether the third essential element above, i.e., that the proceedings had terminated in favor of the complaining party before he instituted an action for damages, was sufficiently shown. The plaintiff merely alleges that his wages were garnished and that his employer discharged him. The pleadings and proof of record are devoid of any indication of when, if at all, how, and for what reason the proceedings were terminated.

The plaintiff does state in his brief in this court that on December 9, 1969, the judgment creditor, acting through its attorney, instructed the Clerk of the Civil Court of Fulton County to release the garnishment, and that this was done, but even if we treat this as an admission in judicio (see *Gregory v. Star Enterprises,* 122 Ga. App. 12 (176 SE2d 241)), or if it were in the record, we do not regard it as sufficient, nothing else appearing, to determine as a matter of law in whose favor the proceedings were terminated before the filing of the present action.

*Judgment affirmed. Quillian, J., concurs. Evans, J., concurs specially.*

ARGUED NOVEMBER 2, 1971—DECIDED JANUARY 21, 1972—
REHEARING DENIED FEBRUARY 2, 1972.

*Hansell, Post, Brandon & Dorsey, W. Rhett Tanner,* for appellant.

*J. L. Jordan,* for appellee.

EVANS, Judge, concurring specially. I concur in the judgment in this case, but I do not agree with the holding in Headnote 1 that in order for a defendant to prevail in a motion for summary judgment "the undisputed facts as 'disclosed by the pleadings and proof must negate *some* essential element of plaintiff's claim . . ." (Emphasis supplied.) I hold to the proposition that in order for a defendant to show he is entitled to a summary judgment, the pleadings and proof must "negate *all* (not some) essential elements of plaintiff's claim."

The majority opinion cites as authority *Mion Constr. Co. v. Rutledge,* 123 Ga. App. 777, supra, which case in turn cites *Watkins v. Nationwide Mut. Fire Ins. Co.,* 113 Ga. App. 801 (149 SE2d 749) and *Standard Oil Co. v. State Neon Co.,* 120 Ga. App. 660 (1) (171 SE2d 777), as authority. In the *Watkins* case, supra, at page 802, it is held: "To warrant its [summary judgment] entry, the facts conceded by the plaintiff, or demonstrated beyond reasonable question to exist, should show the right of the defendant to a judgment with such clarity *as to leave no room for controversy, and they should show affirmatively that the plaintiff would not be entitled to recover under any discernible circumstances . . .* In order to pierce allegations of material fact contained in the plaintiff's petition, the evidence offered by defendant on motion for summary judgment *must unequivocally refute those allegations* and must clearly show what is the truth of the matter alleged." (Emphasis supplied.) In the *Standard Oil Co.* case, 120 Ga. App. 660 (1), supra, it is held that: "While a defendant, as the movant for a summary judgment, must demonstrate that there is nothing to be tried because the truth of a single issue *essential to recovery* as admitted or proved is adverse to the plaintiff . . ." (Emphasis supplied.)

It seems that these authorities leave it beyond peradventure that all (and not just *some*) essential element of plaintiff's claim must be negated, or that a single issue, *essential to recovery* must be negated, before defendant is entitled to a summary judgment against a plaintiff.

In the case of *Werbin & Tenenbaum, Inc. v. Heard,* 121 Ga. App. 147 (2) (173 SE2d 114), it is held that the defendant must conclusively negate "at least one essential element entitling plaintiff to a recovery *under every theory fairly drawn from the pleadings and the evidence. Saunders v. Vikers,* 116 Ga. App. 733 (2) (158 SE2d 324); *Calhoun v. Eaves,* 114 Ga. App. 756, 759 (152 SE2d 805)." (Emphasis supplied.)

Thus, it seems to be the law, that *all* issues of fact in plaintiff's complaint must be negated by defendant, or one fact *essential to a recovery* must be negated, before defendant can be entitled to a summary judgment against plaintiff. See *Scales v. Peevy,* 103 Ga. App. 42 (3) (118 SE2d 193).