A90A0823. WEB, INC. et al. v. AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.
(399 SE2d 513)

McMURRAY, Presiding Judge.

In December 1984, WEB, INC. d/b/a The William E. Becker Organization ("plaintiff") opened a corporate credit card account with defendant American Express Travel Related Services Company, Inc., a New York Corporation. Under the application for this corporate account, William E. Becker, individually, as the "individual applicant," accepted joint and several liability with plaintiff for all charges made to the account. "Additional applicants" accepted joint and several lia-

bility with plaintiff for all charges they made to the account. When the application was accepted, credit cards were issued to the individual and additional applicants.

One of the additional applicants was Madelyn Lazich, who worked for plaintiff. Ms. Lazich was issued a credit card on which was embossed her name, followed by that of plaintiff, the corporation on whose behalf the account was opened.

Several months after receipt of the credit card, Ms. Lazich left her work with plaintiff and went on an apparent spending spree using credit cards issued under various accounts of plaintiff to make personal purchases. Although plaintiff allegedly communicated with defendant in attempts to cancel the authority of Ms. Lazich to make charges on the account, she continued to make purchases which were charged to the account. Plaintiff alleged that it was not responsible for personal purchases made by Ms. Lazich on the account at issue and billed to plaintiff. Plaintiff filed this action seeking a declaratory judgment that it was not responsible for Ms. Lazich's personal purchases and also seeking damages for fraud, breach of contract and an unspecified wilful tort.

Defendant counterclaimed, seeking to recover $27,149.05 allegedly owed on the account, plus delinquency assessments, prejudgment interest, and attorney fees. Pursuant to defendant's request, William E. Becker was added as party to the action as a defendant in counterclaim, and he in turn filed his counterclaim against defendant seeking relief under the same theories as stated in plaintiff's. complaint.

This appeal is taken by plaintiff and William E. Becker ("appellants") from the grant of summary judgment against them and in favor of defendant, and from the denial of plaintiff's cross-motion for summary judgment. *Held*:

1. Appellants (plaintiff and William E. Becker) contend that William E. Becker, a resident of New Jersey, was improperly added as a defendant in counterclaim since he is not subject to personal jurisdiction in Georgia. Defendant contends that William E. Becker was properly subject to the trial court's long arm jurisdiction under OCGA § 9-10-91. We find that the minimum contacts necessary to afford the trial court jurisdiction over William E. Becker are not shown.

*Shellenberger v. Tanner*, 138 Ga. App. 399, 401 (1), 404 (227 SE2d 266) sets forth three rules "by which to judge the power of a forum state to exercise jurisdiction over a nonresident defendant. They are (1) The nonresident must purposefully avail himself of the privilege of doing some act or consummating some transaction with or in the forum . . .; (2) The plaintiff must have a legal cause of action against the nonresident, which arises out of, or results from, the activity or activities of the defendant within the forum; and (3) If (and only if . . .) the requirements of Rules 1 and 2 are established, a

'minimum contact' between the nonresident and the forum exists; the assumption of jurisdiction must be found to be consonant with the due process notions of 'fair play' and 'substantial justice.' . . . In other words, the exercise of jurisdiction based upon the 'minimum contact' must be 'reasonable.'"

At least the second point of this three-prong test is not satisfied as to defendant's counterclaim against Mr. Becker. This claim arises out of and results from the contract by which Mr. Becker assumes liability for all purchases made under plaintiff's corporate account with defendant. While Mr. Becker may have transacted business in Georgia, defendant's claim is not based on Mr. Becker's business activities in Georgia. The account contract between a New York corporation and a New Jersey resident has no connection with Georgia. Ms. Lazich's use of one of the cards issued under the account in Georgia does not change this.

2. Plaintiff's liability is not limited by 15 USC § 1643. This statute limits a cardholder's liability for the unauthorized use of a credit card under specified circumstances. "[U]nauthorized use," as used in this statute "means a use of a credit card by a person other than the cardholder. . . ." 15 USC § 1602 (o). Ms. Lazich's use of the credit card was not unauthorized since she was the cardholder, that is, the person to whom the card was issued. 15 USC § 1602 (m). Since Ms. Lazich's use of the credit card was not unauthorized, 15 USC § 1643 is inapplicable.

3. The contract between the parties includes the following provision: "**Accepting The Agreement**

"If you agree to be bound by this Agreement, you should sign the Card as soon as you receive it. If you do not wish to be bound by this Agreement, cut the Card in half and return the pieces to us. Unless you do so, we will assume that you have accepted this Agreement. If you do sign the Card, you should not use it before the valid date or after the expiration date printed on the face of the Card." The trial court embraced defendant's contention that, under this provision, account closure is conditional upon return of the credit cards to defendant. While the trial court's conclusion in this regard is the subject of one of appellants' enumerations of error, this enumeration is not argued or supported by citation of authority in appellants' brief so must be deemed abandoned. See Rule 15 (c) (1) (2) of the Rules of the Court of Appeals of the State of Georgia.

Therefore, we assume that the credit card account remained open and that plaintiff remained liable for Ms. Lazich's use of the credit card even after appellants communicated with defendant regarding Ms. Lazich's misuse of the card and of their desire to cancel the account at least as to Ms. Lazich. Nonetheless, such communications

would put defendant on notice that plaintiff might refuse to pay further charges made on the account by Ms. Lazich and impose upon defendant a duty, pursuant to OCGA § 13-6-5, to act in a reasonable manner to reduce any losses that might occur by reason of the misuse of the credit card. *Standard Oil Co. v. State Neon Co.,* 120 Ga. App. 660, 661 (3), 662 (171 SE2d 777). There is no indication that defendant took any steps to regain possession of the credit card or to notify merchants to dishonor the card. A genuine issue of material fact remains regarding the mitigation of losses arising from misuse of the card after defendant received notice of such misuse. *Standard Oil Co.,* supra.

Additional issues remain as to plaintiff's liability for purchases made by Ms. Lazich and charged to the account after appellants' recovery of the Lazich credit card. These purchases were not made with the credit card but by use of the account number in the absence of the card.

We further note in regard to our holding in *Standard Oil Co.,* supra, that that case was decided prior to the 1970 amendment to the Truth in Lending Act, 15 USC § 1601 et seq. which added the provisions regarding credit cards. Thus, the term "unauthorized use" in that opinion does not refer to the term of art defined in 15 USC § 1602 (o), but is the use of the common and ordinary meaning of the words. In this opinion in the case sub judice, we have generally avoided use of this phrase except as a term of art and have referred to Ms. Lazich's use of the credit card following the termination of her authority from appellants as "misuse" and which should be recognized as being synonymous with the term "unauthorized use" in *Standard Oil Co.,* supra.

Additionally, we reject the suggestion that *Standard Oil Co.,* supra, is inapplicable due to federal preemption of this area of the law through enactment of the credit card provisions of the Truth in Lending Act. While we recognize that this federal legislation may supersede inconsistent state law, we are dealing in the case sub judice with questions not addressed in the federal statute. Consequently, we view *Standard Oil Co.,* supra, as continuing to be viable authority and controlling as to some of the issues in the case sub judice.

4. Appellants' contention that defendant has failed to comply with the provisions of 15 USC § 1666 concerning the correction of billing errors is without merit. This statute is limited to consumer credit transactions while plaintiff's account with defendant was primarily for business purposes. *American Express Co. v. Koerner,* 452 U. S. 233 (101 SC 2281, 68 LE2d 803).

5. We affirm the trial court's denial of plaintiff's motion for summary judgment. We reverse the trial court's grant of summary judgment to defendant and grant of defendant's motion to add William E.

Becker as a defendant in counterclaim.

*Judgment affirmed in part and reversed in part. Carley, C. J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED NOVEMBER 8, 1990 —
REHEARING DENIED NOVEMBER 26, 1990 —

*Joel Y. Moss*, for appellants.

*Alston & Bird, John I. Spangler III, Dennis J. Connolly*, for appellee.